W. A. KIRKPATRICK, Appellee, v. F. A. GREENLAND, ET AL.,
Appellant.

**Cancellation of instruments:**  TRUSTS:  QUIETING OF TITLE:  EVIDENCE.
1    Where one in whose name title to property is taken furnished
all or any definite part of the purchase price as his own and not
by reason of an agreement with one claiming an adverse title,
he is entitled to retain the same or have a resulting trust de-
clared to the amount of the consideration which he furnished;
but if on the other hand the party claiming adversely paid all
or any part of the consideration personally, or by an arrangement
with the holder of the legal title, he is entitled to have the deed
set aside.  In the instant case the plaintiff, seeking to cancel the
deed in question, was an aged and ignorant man and the defend-
ant, who held the legal title, was a man of affairs, and the evidence
is held to show that the land deeded to defendant was paid for
by plaintiff personally and by defendant in his behalf, and the
plaintiff is entitled to have the deed set aside and title quieted
in him.

**Same:**  EVIDENCE.  The fact that one claiming to be the owner of
2    property conveyed to another always had the possession of the
same following the deed; that he made many payments therefor;
paid the taxes and used the property as his own; that never un-
til shortly before action to quiet title did the party holding the
legal title claim the property under his deed; and that the par-
ties agreed upon a division line or boundary between the land
in question and that unquestionably owned by defendant, were
strong circumstances to support plaintiff's claim of ownership in
this action.

*Appeal from Decatur District Court.*—HON. H. K.
Evans, Judge.

SATURDAY, APRIL 9, 1910.

SUIT in equity to cancel and set aside a certain deed
made by Joseph A. Brown and other defendants to de-
fendant Greenland, and to quiet plaintiff's title to the

land covered thereby. Defendant Greenland denied plaintiff's title, and claimed that the land belonged to him because he paid the purchase price therefor. On the issues tendered, the trial court granted plaintiff the relief demanded, and defendant Greenland appeals.—*Affirmed.*

*C. W. Hoffman* and *V. R. McGinnis,* for appellant.

*Geo. W. Baker* and *A. P. Olsen,* for appellee.

DEEMER, C. J.—Some time in the year 1899 plaintiff entered into a written contract with the defendants, other than Greenland, for the purchase of the land in controversy, and to pay therefor the sum of $500 in installments of $100 each. One hundred dollars was paid at the time of the delivery of the contract, and the final $100 was confessedly paid by defendant Greenland. He at that time had the contract, although it had never been assigned to him, and, when the final payment was made, defendants Brown and others executed and delivered a deed for the land to defendant Greenland. This deed was executed in April of the year 1902, and was filed for record some time during the same month. This action was commenced by plaintiff some time in April of the year 1904, and is to set aside the deed to Greenland and to establish and quiet plaintiff's title to the land. There is no doubt that the original contract was made by plaintiff for the purchase of the land, and he claims that he made all the payments save the last called for by the contract. He admits that the last payment was made by defendant Greenland, but he says that this payment was made for and on his behalf, for the reason that Greenland was then owing him more than the amount of the payment or all of the payments made by Greenland. He further says that he gave Greenland the contract without assignment shortly before the last payment was made in order that he, Green-

land, might settle with the vendors, and that Greenland was to take title to the land in his, plaintiff's name, and that he, plaintiff, did not know that Greenland had taken title in his own name until shortly before the commencement of this action. On the other hand, Grenland says that the land was purchased for his benefit, and, although the original contract therefor was made in plaintiff's name, he, Greenland, paid the entire purchase price, and was and is entitled to the land and to have his title thereto confirmed.

Appellant is relying, not only on the legal title, but upon an equitable one resulting, as is claimed, from his payment of the purchase price. On the other hand, plaintiff is relying upon his contract of purchase, his payment of part of the purchase price, and a further claim that, although Greenland may have in fact paid part of the purchase price, whatever payments he made were because he was indebted in the amount thereof, if not more, to plaintiff, because of property sold by plaintiff to said Greenland.

From this statement the exact question for solution is apparent. Of course, if defendant Greenland furnished all or any definite and specific part of the purchase price

1. CANCELLATION OF INSTRUMENTS: trusts: quieting of title: evidence.

for the property, and the amount so furnished belonged to him, and was paid as his own, and not by reason of an arrangement with plaintiff, whereby the amount so furnished was loaned to plaintiff, or paid because of a prior indebtedness to him, Greenland is entitled to sustain the deed which was given to him for the property, or have a resulting trust declared to the amount of the consideration furnished. If, on the other hand, plaintiff paid any part of the consideration for the property, he is entitled to protection in the amount so paid, and, if he paid all either personally or by an arrangement with defendant Greenland, he is entitled to have the deed set aside and his title quieted. Plaintiff

is an old and ignorant man, and defendant Greenland
is a shrewd man of affairs. He, defendant, had plain-
tiff's confidence, and he undoubtedly received much prop-
erty from plaintiff. Whether or not he paid for it as
received or at any other time is a question of grave doubt.
The purchase of the property was made by plaintiff in
his own name, and beyond all doubt he made the first
payment from his own means. He also paid all the taxes
on the property save for a single year, and for this year
defendant Greenland made the payment, but he did this
in plaintiff's name. Plaintiff was in possession of the
property under the contract, and has retained that pos-
session down to the present time. He also leased a part
of it from time to time, and received the rentals therefrom.

After the purchase, defendant Greenland purchased
an adjoining tract, and a dispute arose regarding the di-
vision line between the two tracts. A survey was had,
2. SAME: and fences were changed so as to accord
evidence. with the line so established. There is also
testimony to the effect that plaintiff for many years had
sold all or practically all the stock raised by him upon
the lands in controversy and other lands to the defendant
Greenland, and that no settlement has ever been had be-
tween them. It is further shown that defendant Green-
land paid many of plaintiff's debts, because he, defend-
ant, was owing plaintiff for property received. There
can be no doubt under the testimony that plaintiff himself
made most of the payments on the land, and that he also
paid the taxes. The fact that plaintiff has always been in
the possession of the land; that he made many of the
payments therefor; that he paid the taxes thereon, and
used the property as his own; that until shortly before
the bringing of this suit defendant Greenland made no
claim to the property under his deed; and that the par-
ties agreed to a division or boundary line between the
land in controversy and that owned by defendant Green-

land—are strong circumstances in support of plaintiff's claim.

Moreover, the trial court had the parties and witnesses before him, and in an opinion filed indicated that some of the witnesses introduced by defendant were unworthy of belief because of their appearance and conduct. In view of this situation, some importance should be attached to the finding of the lower court.

Upon the whole record we are satisfied with the decree as rendered, and it is *affirmed*.